IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02450-CMA-KLM

MELISSA LINDHURST,

    Plaintiff,

v.

USA, Social Security Administration,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant's **Unopposed Motion to Vacate Scheduling Conference and Stay Discovery** [Docket No. 9; Filed October 26, 2012] (the "Motion").

    Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unreported decision) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion

may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)). Questions of jurisdiction should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. Thus, a stay of discovery during the pendency of a dispositive motion asserting a jurisdictional challenge may be appropriate and efficient. *See Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)).

In the context of a qualified immunity defense, the Court is obligated to "exercise its

discretion so that officials [properly asserting qualified immunity] are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998). Here, Defendant does not assert qualified immunity, but raises sovereign immunity as a complete defense to Plaintiff's claims. Defendant premises its sovereign immunity defense on the contention that it has not waived its sovereign immunity for claims under the Americans with Disabilities Act. *Motion* [#9] at 2.

The Tenth Circuit has opined that there is "no logical reason why [the rule precluding discovery before the resolution of a qualified immunity question] should not apply where the defendant raises the defense of sovereign immunity and the defense is primarily one of law." *Liverman v. Comm. on the Judiciary*, 51 F. App'x 825, 827-28 (10th Cir. 2002) (referring to *Siegert v. Gilley*, 500 U.S. 226, 231 (1991)). As stated above, Defendant raises sovereign immunity as a jurisdictional challenge in the motion to dismiss, and its defense is primarily one of law. Thus, the Court concludes that it must exercise its discretion in favor of not subjecting Defendant to possibly unnecessary discovery or other pretrial proceedings, until the immunity and jurisdictional questions are resolved.

Consideration of the factors guiding the Court's evaluation of a request for a stay as stated in *String Cheese Incident, LLC* prompts no different result. The factors for the Court's review include: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955 at *2 (citation omitted).

Considering Plaintiff's interest first, Plaintiff has not opposed entry of a stay in this matter. Thus, Plaintiff is willing to forego discovery and apparently feels that a stay will not be prejudicial. Under these circumstances, proceeding with discovery could be burdensome to Defendant. Accordingly, the first two factors favor entry of a stay.

The third factor concerning the convenience to the Court weighs heavily in favor of a stay. The motion to dismiss not only challenges this Court's subject matter jurisdiction which must be satisfied at all stages of a litigation, but also could dispose of the complaint in its entirety.[1] Judicial resources would best be conserved by imposing a stay until the jurisdictional challenge is resolved. Consideration of the fourth and fifth factors does not sway the Court from its conclusion. Weighing these factors in light of the law favoring a stay of discovery when sovereign immunity and subject matter jurisdiction are at issue, the Court concludes that a stay of discovery is appropriate, pending the District Court's adjudication of Defendant's motion to dismiss.

IT IS HEREBY **ORDERED** that the Motion [#9] is **GRANTED**. Accordingly,

IT IS FURTHER **ORDERED** that all disclosure and discovery is **STAYED** pending resolution of the Motion to Dismiss [#8].

IT IS FURTHER **ORDERED** that the Scheduling Conference set for January 7, 2013 at 9:30 a.m. is **VACATED**. If necessary, a new scheduling conference will be set upon resolution of the Motion to Dismiss.

---

[1] The Court finds it significant that Defendant filed its motion to dismiss and motion to stay quite early in the litigation and before the entry of a scheduling order.

DATED: October 31, 2012 at Denver, Colorado.

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge